IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMY RING,<br><br>　　　　Defendant. | Case No. 3:18-CR-30184-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　Pending before the Court is a Motion for Compassionate Release filed by Defendant Amy Ring pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 184). For the reasons set forth below, the motion is denied.

## BACKGROUND

　　On April 22, 2020, Defendant Ring pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute heroin, fentanyl, and cocaine. (Docs. 103, 104). Ring was sentenced to 41 months' imprisonment. (Docs. 145, 148). According to the Bureau of Prisons' website, Ring is scheduled to be released on February 16, 2023.[1]

　　Ring argues her medical conditions, the pandemic in the prison system, and her post-sentencing rehabilitation constitute extraordinary and compelling reasons to release her under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. (Doc. 192).

---

[1] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited June 8, 2022).

## DISCUSSION

Under Application Note 1(A)(ii) to U.S.S.G. § 1B1.13, extraordinary and compelling reasons for reducing a sentence exist where the defendant is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. While the Court is not bound to follow this definition when a defendant brings suit himself under the First Step Act, it is a guiding principle. As the Seventh Circuit noted in *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020):

> The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of "extraordinary and compelling reasons"; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion within being conclusive.

Ring has failed to establish extraordinary and compelling circumstances that warrant granting her motion for compassionate release. Ring alleges she has asthma, but her medical records do not confirm a diagnosis of asthma. (Doc. 192-1). As to Ring's alleged Hepatitis C, her test results were negative for the virus in October 2021—after an eight-week medication treatment course. (Doc. 192-2, p. 25). The Government notes that Ring has a diagnosis of depression "which has been recognized by the CDC as making an individual more likely to become very sick from COVID-19." (Doc. 192, p. 11). As the Seventh Circuit has noted during the pandemic, however, "the widespread availability of the COVID-19 vaccine within the Federal Bureau of Prisons likely eliminates [an] [inmate's] stated reason for release." *United States v. Burgard*, 2021 WL 3781384 (7th Cir. Aug. 26, 2021). "For most prisoners, the availability of vaccines for COVID-19 'makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.'" *Id.* (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). Here, Ring has been fully vaccinated against COVID-19. (Doc. 192, p. 11; Doc. 184, p. 3). Thus, the Court

finds that there is no evidence of an extraordinary and compelling reason for Ring's immediate release.

Even if the Court were to find that Ring's post-sentencing rehabilitation,[2] medical conditions, alone or in conjunction with the COVID-19 pandemic, or other factors constitute extraordinary and compelling reasons for release, the § 3553(a) factors and requirement that a defendant not be "a danger to the safety of any other person or to the community" weigh against releasing her. Ring has an extensive criminal history with convictions for domestic battery, forgery, retail theft, attempted obstruction of justice, and driving under the influence of drugs. (Doc. 121). "In fact, Ring had been arrested for various offenses 17 times between the ages of 18 and 31." (Doc. 192, p. 15). Further, Ring has not even served half of her 41-month sentence. (Doc. 192, p, 16). Reducing her sentence would fail to reflect the seriousness of her crime, promote respect for the law, or provide just punishment for the offense. The Court also fears her short incarceration would be insufficient to deter Ring from future criminal conduct or to protect the public from further crimes. Simply put, after considering the § 3553(a) factors, Ring's request for compassionate release must be denied.

## CONCLUSION

For these reasons, the *pro se* Motion for Compassionate Release filed by Defendant Amy Ring (Doc. 184) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 8, 2022**

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[2] Ring notes her release plan, prospective job offer, and her "excellent track record on Pre-Trial" as additional extraordinary and compelling reasons for her release.